## GARRATT v. SEIBERT.

Reissued letters-patent No. 5328, granted to William T. Garratt March 18, 1873, for a new and useful improvement in lubricators, infringe letters-patent No. 111,881, granted to Nicholas Seibert Feb. 14, 1871, for a new and useful improvement in lubricators. They are, therefore, void.

APPEAL from the Circuit Court of the United States for the District of California.

The facts are stated in the opinion of the court.

*Mr. M. A. Wheaton* for the appellant.
*Mr. A. H. Evans,* contra.

MR. JUSTICE STRONG delivered the opinion of the court.
This bill is founded upon the act of Congress of July 8, 1870

(16 Stat. 207, c. 230, sect. 58), re-enacted in the Revised Statutes, sect. 4918. That section enacted, " That whenever there shall be interfering patents, any person interested in any one of such interfering patents, or in the working of the invention claimed under either of such patents, may have relief against the interfering patentee, and all parties interested under him, by suit in equity against the owners of the interfering patent; and the court having cognizance thereof (as in the act provided), on notice to adverse parties, and other due proceedings had according to the course of equity, may adjudge and declare either of the patents void in whole or in part, or inoperative, or invalid in any particular part of the United States, according to the interest of the parties in the patent or the invention patented." The complainant charges that, on the fourteenth day of February, 1871, he obtained letters-patent No. 111,881, for a new and useful improvement in lubricators, fully described in said letters, for the term of seventeen years from and after the date thereof, and that he is the sole and exclusive owner thereof. He charges further, that letters-patent were issued to William T. Garratt, the defendant, on the nineteenth day of November, 1872, for the period of seventeen years, purporting to secure to him the exclusive right to make, use, and vend a new and useful improvement in lubricators, alleged to have been invented by him. It is further charged that, in March, 1873, the defendant surrendered his said letters, and on the 18th of that month they were reissued (No. 5328), upon an amended specification, for the term of seventeen years, from Nov. 19, 1872. The bill further charges that the alleged invention, patented to the defendant by the said reissued letters, is substantially the same invention made by the complainant in the month of May, 1870, and patented to him on the 14th of February, 1871, as before mentioned, and that the reissued letters granted to the defendant are a direct interference with the prior letters granted, as aforesaid, to the complainant.

The answer of the defendant does not deny the grant of the several letters-patent, as charged in the bill, at the several dates mentioned, nor does it directly deny that his reissued letters are an interference with those granted to the complainant on the 14th of February, 1871. But it avers that in the Patent

Office, in the year 1872, an interference was declared between the complainant and the respondent, in order to try the question of priority of invention, that testimony was taken, and that the Commissioner of Patents decided that the defendant was the first and original inventor of the invention described in his letters, and granted him letters therefor, which were afterwards reissued.   This averment is unsupported by proof.

In view of such pleadings, it is hardly necessary to inquire whether there is an interference.  The answer does not deny it.  It rather impliedly admits it.   And if it did not, a comparison of the complainant's and the defendant's specifications, including the models and drawings, precludes all doubt that both patents are for the same invention, and that the arrangement of devices in each produces the same result in substantially the same way.

All that remains, therefore, is to determine whether Seibert was the first and original inventor of the invention, or whether the invention was first made by Garratt, the defendant.

Seibert's patent, as we have stated, was granted on the fourteenth day of February, 1871, for a new and useful improvement in lubricators.  He had previously (in 1869, Sept. 14) obtained a patent for a lubricator, in which hydrostatic pressure in forcing the lubricant from its cup, or reservoir, was found to act beneficially, though the patent did not claim that specifically, and the inventor seems not to have been aware at that time of its value.   The model for this patent Seibert procured to be made by Garratt.  Subsequently, having discovered its value in May, 1870, he caused to be made a new arrangement, by which the lubricant reservoir was made to stand vertically, instead of horizontally, as in his first invention, and hydrostatic pressure was applied near its base at the bottom of the lubricant.  For this arrangement, he took out his patent of February, 1871.   The principle was manifestly the same as that revealed in the earlier patent, though the arrangement for its operation was different.   In the one, the lubricant and the condensed water were separated by a piston; in the other, by the difference of their specific gravities.   It is not, however, very material to determine that Seibert's invention was made before May, 1870; for we are of opinion that even if it was not

made before February, 1871, there is not sufficient evidence in the case to show it was anticipated by Garratt, or by any one. Garratt was a brass founder. In 1869, he had the agency for making the Roscoe oilers, or lubricators, then covered by a patent. It is plain those lubricators were designed for the use of tallow, and tallow alone. They were arranged to admit steam into the reservoir containing the lubricant, whereby it came in contact with the surface of the tallow, melted it, and caused it to mix with the steam, and pass out in a volatile condition into the steam-chest. They did not work well. The steam, acting only on the surface of hard tallow, would not melt and take up enough to lubricate the engine ; and Garratt, late in the fall of 1869, after Seibert's first patent was granted, as he and some other witnesses testify, undertook to remedy the defect. He put on a Roscoe lubricator, what he calls a condensing pipe, with a regulating cock. It connected the bottom of the reservoir with the steam-pipe of the engine, at a point above the top of the reservoir. Notwithstanding what he testifies, it is plain that this pipe was intended only to heat and melt the tallow. In view of the difficulty it was designed to remedy, and of the utter uselessness of a condensing pipe applied to the base of hard tallow, this cannot be doubted. The tallow needed heat, not pressure, not a column of water; and the evidence is very satisfactory that the pipe put on was a melting pipe, and used as such alone. It was soon shortened from six feet to two. Why was that done, if it was a condensing pipe? If it was a melting pipe, it is easy to see why its length was reduced; and the proof is, that it never was used for hydrostatic pressure. The cocks were kept wide open in its use, except when the reservoir was to be cleaned out or filled. Such is the testimony of the engineers who had it in charge. We think, also, the weight of the evidence is that the application of the melting pipe was not Garratt's device, even if it involved invention. It seems rather to have been suggested by Watson.

Without going minutely over the evidence, we may notice that after Garratt caused the pipe to be put on the Roscoe lubricator, and after he had made Seibert's first model, he obtained drawings of the Seibert device, and had a model

made of it for himself. Not until after this was done did he apply for a patent. It is difficult to believe, in view of this evidence, that he did not obtain the idea of his alleged invention from the prior invention and patent of Seibert. There is nothing, then, to rebut the presumption arising from his patent that Seibert was the first and original inventor. It follows that the decree of the Circuit Court was right.

*Decree affirmed.*