## SAWYER *v.* MASSEY and others.[1]

*(Circuit Court, S. D. Georgia, W. D.*　September, 1885.)

1. INTERFERING PATENTS—CASE IN EQUITY.
    After a decision by the commissioner of patents in an interference proceeding awarding letters patent to an inventor whose application was filed subsequent to that of another applicant who had obtained letters patent covering the invention in controversy, priority of invention constitutes the material issue between the parties when the defeated party files his bill in equity to have the patent of his adversary declared void.

2. SAME—LACHES.
    In such case, the delay of complainant to file his bill for five years after the adverse decision by the commissioner of patents will be considered by the court

[1] Reported by Walter B. Hill, Esq., of the Macon bar.

as bearing upon the good faith of the complainant's proceeding, no explanation of the delay being offered.

3. SAME—DECREE FOR INJUNCTION.

Where the conduct of the complainant has been stubbornly litigious, the court may not only declare his patent void because of want of priority, but may enjoin him from threatening or bringing other suits where such litigation will produce damage irreparable at law.

4. SAME—SAWYER v. MILLER, 12 FED. REP. 725, FOLLOWED.

The decision of the circuit judge in the case of *Sawyer* v. *Miller*, 12 Fed. Rep. 725, approved and followed.

In Equity.

*Pottle & Bayne* and *Hulsey & Bateman*, for complainant.

*Lanier & Anderson, Hardeman & Davis*, and *Hill & Harris*, for defendants.

· SPEER, J. This is a bill filed by Sawyer against the firm of Carhart & Curd, against the administratrix of the deceased partner, and Orren E. Massey, and against Elizabeth F. Massey, the executrix of Orren W. Massey, deceased. The allegations are that complainant is the inventor of a new and useful improvement in cotton-gins; that the invention was patented in 1873 and 1874; that the respondents, confederating together, are infringing upon his patents, and are largely manufacturing and selling machines embodying such infringements. The invention claimed is the construction of the swinging front cotton-board and ribs to form a circular cotton-box of the gin, such box when closed to form a major part of a circle.

The respondents deny that the complainant is the inventor of the improvement described in the bill, but claim that he purloined the invention of Orren W. Massey, the husband and intestate of the respondent Elizabeth F. Massey. It appears from the evidence that Orren W. Massey was a gin maker by trade. The complainant worked for him a while in the shop, and then served him in the capacity of traveling salesman. It does not appear by any satisfactory proof that the complainant was a practical machinist, or knew more about gins than he was made to understand by his short term of employment with Orren W. Massey. The latter had an inventive mind, and, in the language of one of the witnesses, was "always experimenting." Sawyer's patent was obtained in 1873, and it is clear enough from the evidence that Massey had conceived the idea of the improvement claimed as early as 1870, and that Sawyer had been apprised of the invention; that Massey had put it into successful operation in the same year; and that he had been in correspondence and communication with a solicitor of patents in the effort to protect his invention, but had been improperly advised that his designs were not patentable. When Massey learned that Sawyer had obtained a patent for his invention, he made haste to protect his design. It was, on the case made, formally adjudged by the commissioner of patents that Massey was entitled to a patent, but the commissioner left the question of priority of invention to be determined. In the opinion

of the court in view of the evidence, this is not even a debatable question. The testimony of Sawyer himself is to the effect that a curved rib, which forms a part of the essential design, was stolen from Massey by Moore, the partner of Sawyer. He admits that the importance of this rib was pointed out to him by Jackson Hendricks, a workman in Massey's employ. Sawyer justifies himself by saying that he did not get the "rib" in question in Massey's shop. It is not apparent how this will help him. The pattern was Massey's, and it does not matter how Sawyer obtained it; he can take no benefit from it. It further appears that when Sawyer made his original application to the patent-office he said nothing about the circular roll-box or the major part of a circle. In these features the real merit of the invention resided, and it is in an application for a reissue of his letters patent that we find Sawyer's claim to them. In the mean time, however, Massey had made application for his patent, and had specified the circular roll-box, comprising the major part of a circle. The testimony of six witnesses, only one of whom had any interest in the controversy, is to the effect that Massey was the first inventor; and in the opinion of the court the question of priority is the only material consideration. Walker, Pat. 315, 317; *Pentlarge* v. *Pentlarge*, 19 Fed. Rep. 818.

The authorities of the patent-office had adjudged the questions involved in this controversy in favor of Massey. For five years the complainant had not attempted to disturb that finding. Then he filed his bill against Miller and others, which bill is identical in every respect with that now before the court. In a maturely considered opinion, notable for its directness and clearness of statement, the Hon. DON A. PARDEE, circuit judge, determined that the relief prayed must be denied. There can be no doubt as to the propriety of that decision, or of the order of the court dismissing the bill. But there must be an end of litigation, and it is manifest from the past conduct of the complainant, unless other and more stringent orders are granted, he will again institute, against persons who have purchased, or who may manufacture, the gin containing the patent of Orren W. Massey, proceedings which, though necessarily futile, will be vexatious and damaging to the respondents in their character, and this damage will be irreparable at law. It is, therefore, ordered and decreed by the court that the alleged patent of the complainant, so far as it affects his claim to a circular roll-box, is void. It is further ordered and decreed that the complainant be perpetually enjoined from bringing suits or threatening suits against respondents, or either of them, or against persons purchasing or who have purchased from them, and against all others who have bought or used or are using gins manufactured in accordance with the patent of said Orren W. Massey, now the property of respondents. Ordered, further, that the complainant pay the cost of this proceeding.