AMERICAN CLAY-BIRD Co. v. LIGOWSKI CLAY-PIGEON Co.   (No. 3,728.)
LIGOWSKI CLAY-PIGEON Co. v. AMERICAN CLAY-BIRD Co.   (Cross-
Bill.)   SAME v. SAME.   (No. 3,729.)

*(Circuit Court, S. D. Ohio, W. D.   1887.)*

1. PATENTS FOR INVENTIONS—NOVELTY—"CLAY PIGEONS" OR "FLYING TARGETS."
    The "flying target" covered by letters patent No. 231,919, of September 7,
    1880, to Ligowski, is of the same kind of material, and of the same shape, as
    those covered by letters patent No. 281,183, of July 10, 1883, to Nicholas
    Fischer, and letters patent No. 311,768, of February 3, 1885, to the Ligowski
    Clay-Pigeon Company.   The only difference is that under the patent of 1880
    the "target" is slotted at or near its periphery, and provided with a detachable
    tongue.   A later patent to Ligowski (letters patent No. 246,401, of August
    30, 1881) did away with the slot or groove, and attached a tongue, by glue or
    cement, to the exterior of the periphery.   *Held* that, considering the state of
    the art of furnishing for marksmen a substitute for live birds, in 1880 and
    1881, the "target" could not have been thrown from traps as then made with-
    out the detachable tongue, and that the patents of 1883 and 1885 were void for
    want of novelty, being anticipated by those of 1880 and 1881.
2. SAME—SUITS TOUCHING INTERFERENCES.
    The fact that the plaintiff to a suit under Rev. St. U. S. § 4918, providing
    for suits touching interfering patents, is not entitled to a decree for infringe-

ment because the patent set up by his bill is anticipated by his own prior patents, does not prevent the court from decreeing that the defendant's patent is void, as being anticipated by those patents. Under the statute, the court is limited to the question of priority between the interfering patents. It may declare either, but cannot declare both, void.

3. SAME—CROSS-BILL.

Although where a bill is filed under Rev. St. U. S. § 4918, providing for suits touching interfering patents, affirmative relief may be granted the defendant without the filing of a cross-bill, yet, if counsel choose to file such a bill, they have the right to do so.

In Equity.

*L. M. Hosea*, for American Clay-Bird Co.

*Parkinson & Parkinson*, for Ligowski Clay-Pigeon Co.

SAGE, J. The American Clay-Bird Company brings its suit under section 4918, Rev. St. U. S., against the Ligowski Clay-Pigeon Company, claiming priority of right for patent No. 281,183, granted Nicholas Fischer, July 10, 1883, for flying target, and assigned to the American Clay-Bird Company, over patent No. 311,768, granted February 3, 1885, to the Ligowski Clay-Pigeon Company, for the same subject-matter. This is suit No. 3,728. A cross-bill was filed, claiming priority for patent No. 311,768, and praying that patent No. 281,183 be adjudged and declared void. A motion to strike this cross-bill from the files was overruled, notwithstanding *Lockwood* v. *Cleaveland*, 6 Fed. Rep. 721, for the reason that the provision of section 4918 is that the court may adjudge and declare either of the patents void in whole or in part, "on notice to adverse parties, and other due proceedings had according to the course of equity;" and the defendant seeks affirmative relief; and although in this case that relief might, under the statute, be afforded without the filing of a cross-bill,—that is, as was held in *Lockwood* v. *Cleaveland*, that a cross-bill is not necessary,—the circuit judge and the district judge concurred in the opinion that if counsel chose to file it they had the right to do so.

No. 3,729, *Ligowski Clay-Pigeon Co.* v. *American Clay-Bird Co.*, is a suit for infringement of No. 311,768, the patent set up in the cross-bill above referred to. These causes were heard together. Before these suits were brought there had been an interference in the patent-office between Fischer and Ligowski, which was determined in favor of the Ligowski patent, and the parties to these suits were parties to that controversy. The description and claims of the two patents in controversy are substantially identical, the claims in the Ligowski patent being:

"(1) A saucer or cup-shaped flying target, formed as a thin shell of clay or similar material, suitably hardened, without slot, tongue, or projection, substantially as and for the purpose specified, as a new article of manufacture; (2) a saucer or cup-shaped flying target, having a peripheral flange of uniform thickness circumferentially, and without slot or tongue, or provision for the attachment of a tongue or extraneous or special handle for propulsion, which might constitute an impediment to the axial rotation of the target, substantially as specified."

Those of the Fischer patent are:

"(1) A cylindrical, cup-shaped flying target, formed as a thin shell of clay or similar material, suitably hardened, without slot, tongue, or protection, substantially as and for the purpose specified, as a new article of manufacture; (2) a cylindrical, cup-shaped flying target, A, having a peripheral flange of uniform thickness circumferentially, and without slot or tongue, or provision for attachment of tongue or handle for propulsion, or which might constitute an impediment to the axial rotation of the target, substantially as specified."

There never was a more complete case for an interference; but, to make it still more interesting, a patent was granted to Ligowski on the seventh of September, 1880, more than two years and eight months prior to the application for Fischer's patent, the earliest of the interfering patents, for a flying target not differing in any essential particular from those described and claimed in the interfering patents. It was of the same kind of material, of the same shape, and the only difference is that it was slotted at or near its periphery, and provided with a detachable tongue, without which, in the then state of the art of furnishing for marksmen a substitute for live birds, it could not have been thrown from a trap, and it was particularly worthless for the purpose specified, if thrown by hand. There were two claims in this patent,—one for the combination of the tongue and the target, and the other for the target itself.

A patent for an improvement on the invention described and claimed in Ligowski's patent of September 7, 1880, was granted to him August 30, 1881, which describes the same target, without any slot or groove, and having a tongue attached by glue or cement to the exterior of the periphery. The claim is only for the tongue, and its attachment to the target. The court is limited, in causes brought under section 4918, to the question of priority between the interfering patents. It may declare either, but cannot declare both, void. *Pentlarge* v. *Pentlarge*, 19 Fed. Rep. 817; *Lockwood* v. *Cleveland*, 20 Fed. Rep. 164.

The finding of the court is that Ligowski was the first to make the device covered by the patents. If it be said that he was anticipated by his own patents of September 7, 1880, and August 30, 1881, the answer is that Fischer was also so anticipated. A decree will be entered declaring and adjudging Fischer's patent, No. 281,183, void.

Upon the cause for infringement of patent No. 311,768, (the Ligowski patent,) the court finds that it is anticipated by the patents before referred to, being No. 231,919, dated September 7, 1880, and patent No. 246,401, dated August 30, 1881; and the bill is dismissed, at the costs of the complainant.