---

SEIBERT CYLINDER OIL CUP Co. *v.* NIGHTINGALE and another.

*(Circuit Court, D. Massachusetts. September 9, 1887.)*

1. PATENTS FOR INVENTIONS—IMPROVED LUBRICATOR—INFRINGEMENT.

In letters patent No. 138,243, dated April 29, 1873, issued to John Gates for an improved lubricator, the first claim was upon the "method of feeding oil, consisting in delivering the oil from the reservoir up through a body of water inclosed in a glass chamber, and discharging the same through the feed-cocks." The second was upon "the combination of an oil chamber with a water chamber, the latter being located over the former, and adapted to receive oil from it, and deliver the same above the body of water inclosed in it." The defendant's lubricator, called the Lunkenheimer, adopted the device described in the first claim of the Gates patent, but the oil chamber was located at the side of the water in the feed-glass, instead of under, as in the second claim. *Held* an infringement

2. SAME—ANTICIPATION—SPECIFICATIONS.

The patent taken out by John Absterdam, November 21, 1854, for an improved lubricator, neither the specifications nor drawings disclosing a sight-feed where the oil is delivered up through the water, was not an anticipation of the Gates patent.

3. SAME—EVIDENCE.

Absterdam testified to having invented and put in operation, 30 years before, a lubricator of the Gates design, and several witnesses testified to

having then seen the lubricator in use. The alleged improvement was not described in Absterdam's patent taken out about that time. *Held*, that the evidence was insufficient to show an anticipation of the Gates patent.

4. SAME—CONSTRUCTION OF CLAIMS.

In letters patent No. 111,881, dated February 14, 1871, granted to Nicholas Seibert for an improved lubricator, the first claim covers mechanism whereby steam is communicated to a tube, and an annular space between the two tubes within the oil-cup is kept hot. This device is not found in defendant's lubricator. The second claim is upon "the improved lubricator, consisting of the parts herein described, constructed and arranged substantially as herein specified." *Held*, that the second claim embraces all the parts specified in the first claim, and therefore defendant's lubricator is not an infringement.

In Equity.

*T. W. Clarke*, for complainant.

*Arthur Stem*, for defendants.

COLT, J. This bill alleges infringement of letters patent No. 111,881, dated February 14, 1871, granted to Nicholas Seibert, and of letters patent No. 138,243, dated April 29, 1873, issued to John Gates. Both patents relate to improvements in lubricators. The claims of the Seibert patent are as follows:

"(1) The arrangement of the cock, M, passages, S, S', and tubes, O and P, with the oil reservoir, F, and gauge, J, R, as herein shown and described, for the purpose specified. (2) The improved lubricator, consisting of the parts herein described, constructed and arranged substantially as specified."

The first claim covers mechanism whereby steam is communicated to a tube, and an annular space between the two tubes within the oil-cup is kept hot. It is admitted that this device is not found in the defendants' lubricator, and therefore the complainant confines the charge of infringement to the second claim. But if the second claim embraces as part of the combination that which is found specifically described in the first claim, then it is manifest that there is no infringement. The complainant contends that the word lubricator, as used in the second claim, includes those parts only which do the lubrication, namely, the condensing pipe and chamber, the oil reservoir, delivery pipe from the oil reservoir, cocks, etc., and that the claim should be construed as covering only those parts. But it seems to me that this is a forced construction, and one which the language of the claim will not warrant. The claim is for the "*improved* lubricator, consisting of the parts herein described, constructed and arranged substantially as specified." Now, one of the main improvements described in the Seibert lubricator is the mechanism covered by the first claim, and when the patentee says, in effect, that the second claim is for the improved lubricator, consisting of the parts described in his specification and drawings, his manifest intention was to cover the devices which form the subject-matter of the first claim, as well as the other parts of his lubricator, and such is the natural and proper meaning of the language used. The question before the court in *Garratt* v. *Seibert*, 98 U. S. 75, was one of priority of invention in the case of interfering patents, and suit was brought under section 4918, Rev. St. The question of the proper construction of claim 2 of the Seibert pat-

ent was not before the court, and was not passed upon by it. I deem it unnecessary to consider the other defense raised to the Seibert patent, because I am satisfied that defendants' lubricator does not infringe the second claim.

I now come to the Gates patent. The gist of the Gates invention is a sight-feed lubricator, where the oil is delivered up through a body of water inclosed in a glass chamber. The claims relied upon are the first and second:

"(1) The described method of feeding oil, consisting in delivering the oil from the reservoir up through a body of water inclosed in a glass chamber, and discharging the same through the feed-cocks, substantially as described. (2) The combination of an oil chamber with a water chamber, the latter being located over the former, and adapted to receive oil from it, and deliver the same above the body of water inclosed in it, substantially as described."

The defendants' lubricator is called the Lunkenheimer, and it is manifest upon inspection that it adopts the method described in the first claim of the Gates patent, of delivering oil up through a body of water inclosed in a glass chamber, and discharging the same through a feed-cock. I am satisfied, also, that the Lunkenheimer lubricator infringes the second claim of the Gates patent, notwithstanding the oil chamber is located at the side of the water in the feed-glass, instead of the water being located over the oil chamber. The result accomplished is the same, and while the Lunkenheimer may be an improvement over Gates, I do not think the change made relieves the defendant from the charge of infringing the second claim.

The most serious defense to the Gates patent is the alleged Absterdam anticipation. It is urged that John Absterdam took out a patent, November 21, 1854, for an improved lubricator which exhibits a sight-feed, and that prior to that time he had made a sight-feed lubricator which delivered the oil up through the water as shown in the patent of Gates. With respect to the Absterdam patent it may be observed that neither the specifications nor drawings disclose a sight-feed where the oil is delivered up through the water. The more serious question is whether the defendants have not shown that Absterdam did in fact construct a lubricator, about this time, which has the sight-feed and delivery of Gates. Absterdam produces a drawing made in 1883, in the suit of this complainant against William Burlingame for infringement of the Gates patent. This drawing shows the Gates method, and Absterdam swears that it is a substantial copy of a drawing made by him in 1853 or 1854; that he made several lubricators of the construction here shown; that one was in operation in the shop of J. J. Walworth & Co., Boston, and another on a locomotive named Washington, which was run on the Boston & Providence Railroad. This statement of Absterdam, as to the lubricators in Walworth's shop and on the Washington, is confirmed to a great extent by several witnesses who saw these lubricators. But, after carefully reading this evidence, I am not clearly satisfied that Absterdam did what he claims to have done. Here are witnesses testifying to what they saw 30 years ago. It is more than probable that what they

actually saw was the sight-feed which Absterdam patented, and not the sight-feed of Gates, which he says he invented previously, but which we do not find described in his patent. To my mind it is a circumstance of some weight, notwithstanding his explanation, that Absterdam should not have described this improvement in his patent. Upon this record I have still some doubts whether Absterdam was the first inventor, and under these circumstances it is clearly my duty to sustain the Gates patent. The bill should be dismissed as to the Seibert patent, and sustained as to the first and second claims of the Gates patent; and it is so ordered.