NATHAN MANUF'G CO. *et al. v.* CRAIG *et al.*

*(Circuit Court, D. Massachusetts.* February 12, 1892.)

PATENTS FOR INVENTIONS—RELIEF IN EQUITY CASES OF INTERFERING PATENTS.
   A bill in equity, under Rev. St. U. S. § 4918, for relief against a patent alleged to interfere with patents owned by complainant, cannot be sustained where the answer denies such interference, if it appears that the claims of the respective patents do not cover the same invention. The court cannot go beyond the claims, and consider generally the two inventions as a whole.

In Equity. Bill by the Nathan Manufacturing Company and others against Warren H. Craig and others, for relief against a patent alleged to interfere with complainants' patent. Bill dismissed.

*T. W. Clarke,* for complainants.

*Fish, Richardson & Storrow,* for defendants.

COLT, Circuit Judge. This bill is brought under section 4918 of the Revised Statutes, which provides that, where there are interfering patents, any person interested may have relief against the interfering patentee, and all parties interested under him, by suit in equity against the owner of the interfering patent, and the court may adjudge either of the patents void in whole or in part. The bill alleges the issue of letters patent 337,500, dated March 9, 1886, to Kaczander and Ruddy, and of the letters patent No. 357,931, dated February 15, 1887, to Kaczander, and that the patents are vested by assignment in complainants. It further alleges the issue of letters patent No. 398,583, dated February 26, 1889, to the defendant Warren H. Craig, and that said patents are interfering patents. The answer denies that said patents are interfering patents, and avers that, if there is an interference, Craig is the prior inventor.

Upon a bill of this character, the first question to determine is whether the patents are interfering patents; and, if this is shown, the next question is, who is the first inventor? The invention which a man patents is that which he claims, and patents do not interfere, unless they claim the same invention in whole or in part. Upon suits brought under this section, it has, therefore, been repeatedly held, until it has become well-settled law, that two patents interfere, within the meaning of this section, only when they claim, in whole or in part, the same invention. *Gold & Silver Ore Separating Co. v. United States Disintegrating Ore Co.,* 6 Blatchf. 307–310; *Reed v. Landman,* 55 O. G. 1275; *Morris v. Manufacturing Co.,* 20 Fed. Rep. 121, 122; *Pentlarge v. Bushing Co.,* Id. 314; *Electrical Accumulator Co. v. Brush Electric Co.,* 44 Fed. Rep. 602–605; *Mowry v. Whitney,* 14 Wall. 434–440. It is apparent upon examination that the claims of the Craig patent do not cover the mechanism described in the claims of the two patents owned by the complainants; in other words, there are no "interfering claims" here, and this position is substantially admitted by the complainants. Under these circumstances, I do not deem it necessary to enter into a comparison of the claims of these different patents. The complainants' position seems to be that, in a bill of

this character, the court may go outside and beyond the claims of the interfering patents, and consider generally the two inventions or structures, taken as a whole; and complainants cite, as an authority upon this point, the case of *Garratt* v. *Seibert*, 98 U. S. 75. In that case, however, the answer did not deny, but rather admitted, an interference of the patents, and it is therefore not an authority against the general doctrine which the courts have laid down upon this point.

Bill dismissed.