STONEMETZ PRINTERS' MACHINERY CO. v. BROWN FOLDING MACH.
CO. et al.

(Circuit Court, W. D. Pennsylvania. July 18, 1893.)

No. 2.

**1. Patents for Inventions—Printing Press and Folding Machine—Carrying Mechanism.**

Letters patent No. 343,677, granted June 15, 1886, to John A. Stonemetz for improvements in a mechanism for carrying sheets of paper from a printing press to a folding machine, said improved mechanism being so constructed that it may be folded when not in use upon the folding machine by means of holes in the carrying mechanism which engage with pins on the folding machine, are infringed, as to all the claims, by a device manufactured under letters patent No. 331,762, issued December 8, 1885, to R. T. Brown, for folding such a connecting mechanism upon the folding machine by means of hinges.

**2. Same—Priority—Patent Affords Presumption of.**

A patent is itself enough to afford a prima facie presumption that the patentee was the original and first inventor of the devices therein claimed, and to overthrow that presumption the evidence must be free from doubt.

**3. Same—Decisions of Patent Office—Weight.**

The concurrent judgment of the examiner of interferences, the board of examiners, and the commissioner of patents, although not conclusive on the question of priority of invention, is not without weight.

**4. Same—Disclaimer.**

A disclaimer filed by an inventor upon an interference declared by the patent office, and which limits his claims to a specific part of the invention in dispute, although it is not strictly an estoppel on an issue of priority subsequently raised between the rival inventors, bears strongly against the party filing it.

**5. Same—Improvement—Right to Use Old Device.**

The inventor of a new patentable improvement upon an old patented device is not entitled to use the old device. Blake v. Robertson, 94 U. S. 728, followed.

**6. Same—Interference—Claims Conclusive.**

In a proceeding for relief under Rev. St. § 4918, the court cannot, upon the question of interference, go beyond the claims, and consider the two patents as a whole.

In Equity. Bill by the Stonemetz Printers' Machinery Company against the Brown Folding Machine Company and others for infringement of letters patent, and for relief on the ground of interference. A demurrer to the bill was overruled. 46 Fed. Rep. 72. A crossbill was filed, and thereafter stricken from the record. Id. 851. Decree for complainant as to infringement, but for defendant as to the interference.

J. C. Sturgeon, for plaintiff.
Hallock & Gallagher, for defendants.

Before ACHESON, Circuit Judge, and BUFFINGTON, District Judge.

ACHESON, Circuit Judge. This suit is brought on letters patent No. 343,677, dated June 15, 1886, granted to John A. Stonemetz on an application filed March 14, 1883, for improvements in devices for connecting and operating together paper-folding machines and printing presses. The bill charges the defendants with infringe-

ment, and prays an injunction and an accounting, and also charges an interference between said patent and two letters patent granted to R. T. Brown, and now owned by the defendants, namely, No. 331,762, dated December 8, 1885, issued on an application filed May 28, 1883, and No. 322,344, dated July 14, 1885, issued on an application filed August 4, 1884, and seeks relief under section 4918, Rev. St. The invention in question relates to a sheet-conveying device connecting the paper folder to the printing press when the two machines are running together, but which, without disturbing the relative position of the machines, may be removed out of the way when communication between them is not desired. The nature of the invention is sufficiently indicated by the claims of the patent sued on, which we will now quote:

"(1) The combination with a printing press and a folding machine of a frame or table bearing sheet-conveying devices spanning the space between said machines, and adapted to be laid back upon the folding machine, substantially as and for the purpose set forth.

"(2) The combination with a printing press and a paper-folding machine, which are arranged with relation to each other substantially as shown, of a table or frame, A, consisting of two sections, a, a', hinged together, and bearing conveying tapes and tape-actuating rollers, which are operatively connected with the folding machine, which frame is adapted, as shown, to span the space between said machines, when desired, and convey the printed sheets to the folder from the press, and, when communication between said machines is not desired, can be folded back over the folder, as shown, and for the purposes mentioned.

"(3) The combination with a printing press and a paper-folding machine, which are arranged with relation to each other, substantially as shown, of the frame or table, A, composed of the jointed sections, a, a', the rollers, D and E, at the upper end of said frame, the rollers, D' and E', on the folder near the lower end of said frame, the pulleys, H, H', and belt, h, and the tapes, c and d, substantially as and for the purposes set forth.

"(4) The combination with a folding machine of a frame or table bearing sheet-conveying devices, and operatively connected with said machine, and adapted to be placed between the folding machine and a printing press, and removed from the printing press when not in use, substantially as and for the purpose set forth.

"(5) The combination with a printing press and a folding machine of a frame composed of jointed sections, rollers on said frame and on the folding machine supporting endless sheet-conveying tapes, and mechanism, substantially as described, for driving said tapes, as and for the purpose set forth."

Pending the application of Stonemetz, and Brown's application of May 28, 1883, the patent office declared an interference between them, the subjects-matter thereof being thus defined:

"(1) The combination with a folding machine of a sheet carrier hinged to, and adapted to be folded over upon, said machine, substantially as described.

"(2) The hinged carrier provided with the tape-carrying rollers and the tapes, in combination with a folding machine having suitable rollers for the reception of said tapes, and means, substantially as described, for driving the latter.

"(3) The combination with a folding machine of the jointed and hinged carrier, constructed and operating substantially as described and shown."

Upon the question of priority of invention, the decision of the examiner of interferences was in favor of Stonemetz; and upon appeal that judgment was affirmed by the board of examiners, whose

ruling, upon further appeal, was approved and affirmed by the commissioner of patents. Brown then filed a disclaimer, which was incorporated in his specification forming part of letters patent No. 331,762, in the words following:

"I do not claim, broadly, the combination with a folding machine of a sheet carrier hinged to, and adapted to be folded over upon, said machine; nor do I claim, broadly, the hinged carrier provided with the tape-carrying rollers and the tapes, in combination with a folding machine having suitable rollers for the reception of said tapes, and means for driving the latter; nor do I claim, broadly, the combination with a folding machine of the jointed and hinged carrier."

This patent (No. 331,762) contains a single claim, as follows:

"In a sheet-carrier attachment for folding machines, the combination, in the frame of said carrier, of the parts, B, B, and C, the hinges, b, joining the parts, B, B, together in a manner substantially as shown, whereby the two parts will fold with their under sides together; the hinges, C', C', joining the lower part, B, to the part, C, in a manner substantially as shown, whereby the parts, B, B, will fold over onto the part, C,—substantially as set forth."

The parts, B, B, are two sections of the carrier frame, which are united by the hinges, b, placed on the under side, so that the frame will fold together, with its upper side outermost. The part, C, is a piece securely fastened to the top of the folder, at a proper inclination, and to it the carrier frame is connected by the hinges, C', C'. In this latter particular consists the distinguishing difference between this device and the device shown in the Stonemetz patent, which describes a connection between the carrier table and the folding machine by means of holes in the lower end of the table which engage with pins on a bracket on the side or front of the folder. The defendants' alleged infringing device is constructed in accordance with the patent No. 331,762.

The defense which raises the principal question in the case is thus stated in the defendants' printed brief:

"(1) That Brown invented the device shown in his patent, No. 331,762, which is the alleged infringing device, before Stonemetz invented the device shown in the Stonemetz patent in suit, and communicated said invention to Stonemetz."

But it appears by reliable, and indeed uncontradicted, testimony that as early as February, 1882, before Brown's alleged invention of the device shown in his patent No. 331,762, Stonemetz had conceived and described to the witness Walter G. Bennett an attachment between a printing press and paper folder, consisting of a table bearing sheet-conveying devices, namely, tape-carrying rollers and the tapes, spanning the space between the two machines, and adapted to be laid back upon the folding machine when not in use; and such a device Stonemetz set up and put into operation at Somerville, Mass., in the month of June, 1882, at least four months before Brown's alleged conception of the invention. This Somerville attachment embodied the improvement here in question, except that the carrier table was not hinged in the middle, or to the folder. As respects the latter features of

the invention, the positive testimony upon the question of priority is conflicting, and is confined to Stonemetz, on the one side, and to Brown, on the other, as the case is presented to us. The testimony of Edelen, taken in the interference proceedings, and here offered by the plaintiff, clearly, is inadmissible. Richardson v. Stewart, 2 Serg. & R. 84; Clow v. Baker, 36 Fed. Rep. 692. So, also, are Edelen's ex parte affidavit and letters offered by the defendants. Edelen's threatening letter of November 29, 1887, addressed to Stonemetz, and his subsequent conduct, excused the plaintiff from putting him on the stand, and the defendants have not thought it proper to call him. There are, however, some circumstances tending to show the rightfulness of Stonemetz's claim to priority. The Somerville machine, which he undoubtedly devised, was the primary type of this invention. Then, Brown was a workman in the employ of the Stonemetz Printers' Machinery Company, acting under the general instructions of Stonemetz, who was an inventor in this line, and not until after Brown quit the service of that company did he set up claim to the invention.

But, at any rate, here the burden of clear, affirmative proof is upon the defendants. The Stonemetz patent itself affords a prima facie presumption that the patentee was the original and first inventor of the devices therein claimed, and to overthrow that presumption the evidence must be free from doubt. Rob. Pat. § 1023; Patterson v. Duff, 20 Fed. Rep. 641; Duffy v. Reynolds, 24 Fed. Rep. 855. Again the concurrent judgment of the examiner of interferences, the board of examiners, and the commissioner of patents, while by no means conclusive, is not without weight. Machine Co. v. Stevenson, 11 Fed. Rep. 155; Celluloid Manuf'g Co. v. Chrolithian Collar & Cuff Co., 24 Fed. Rep. 275; Kirk v. Du Bois, 33 Fed. Rep. 252, 254. Furthermore, Brown's subsequent disclaimer, upon the strength of which he obtained the allowance of the restricted claim of his patent No. 331,762, although not an estoppel, yet bears strongly against him in the present contest. It can, then, we think, be affirmed confidently that this defense is not clearly established. And, upon the whole case, our conclusion upon the question of priority here raised is with the plaintiff.

We find nothing in the English patent to Davies anticipatory of this invention, or suggestive of it. The defendants' own expert admits that the drawing of the English device is obscure. It certainly is so. Nor are we required, by reason of anything disclosed by that patent, or the American patents in evidence, or by the Milwaukee device, to read into the claims of the Stonemetz patent such precise limitations as would relieve the defendants from the charge of infringement. We think infringement is here shown of all the claims, upon any fair construction of them. And we need scarcely add that even if Brown's patent, No. 331,762, shows a patentable improvement, yet it affords the defendants no justification for their use of the original invention. Blake v. Robertson, 94 U. S. 728, 733. The plaintiff, therefore, is entitled to a decree for an injunction and an account.

But we think a case for relief under section 4918, Rev. St., has not been made out. In the statutory sense, patents interfere only when they claim the same invention, in whole or in part. Manufacturing Co. v. Craig, 49 Fed. Rep. 370. And in a proceeding under section 4918 the court cannot go beyond the claims, and consider generally the two patents as a whole. Id. It has been held that an interference does not exist, within the meaning of the statute, between a patent having a dominant broad claim and a junior patent having a subordinate specific claim. Morris v. Manufacturing Co., 20 Fed. Rep. 121; Penilarge v. Bushing Co., Id. 314. Here the claim of Brown's patent, No. 331,762 is not coextensive with any of the claims of the Stonemetz patent, but is a very specific and subservient claim. Whether he shows patentable novelty to sustain his claim is a question not involved in this interference issue, (Rob. Pat. § 724,) and upon which we are not now called on to express any opinion. If there is no interference between the Stonemetz patent and No. 331,762, certainly none exists between it and No. 322,344, and, indeed, this particular part of the plaintiff's case has not been pressed.

A decree may be drawn in accordance with this opinion.

BUFFINGTON, District Judge, concurs.