BOSTON PNEUMATIC POWER CO. v. EUREKA PATENTS CO. et al.

(Circuit Court, D. Massachusetts. July 6, 1905.)

No. 2,022.

PATENTS—INTERFERENCE—SUIT FOR ANNULMENT.

Rev. St. § 4918 [U. S. Comp. St. 1901, p. 3394], providing for suits to annul interfering patents, gives the court jurisdiction only to adjudicate between patents, the claims of which are substantially identical, and, where such identity is not shown, it cannot declare a later patent invalid for want of patentability.

In Equity. Suit to annul patent.

Chas. F. A. Smith and Aldrich & Shurtleff, for complainant.
George N. Goddard, for defendants.

LOWELL, Circuit Judge. This was a bill in equity, brought under Rev. St. § 4918 [U. S. Comp. St. 1901, p. 3394], to annul claims 1, 2, 3, and 4 of letters patent No. 710,291, issued to Moran, as being in interference with claim 1 of Letters patent No. 673,922, to Nolan. The claims are as follows:

Nolan: "(1) In a pumping system for beer or other liquids, a plurality of barrels or receptacles, a source of pneumatic pressure, a main-pressure pipe leading from said source and communicating with all the receptacles in use, an outlet-pipe leading from each receptacle, a supplemental-pressure pipe leading from said source and communicating with each of said outlet-pipes, and a check-valve to control each of such points of communication, whereby the contents of the several receptacles are prevented from entering the supplemental-pressure pipe, substantially as described."

Moran: "(1) In a dispensing apparatus for liquids, a receptacle containing the liquid, a source of pneumatic pressure, a main pressure-pipe from said source of pressure, communicating with said receptacle above the liquid therein, a discharge-pipe from said receptacle, a discharge-faucet on said discharge-pipe, a supplemental pressure-pipe under uniform pressure with that in the main pressure-pipe, said supplemental pressure-pipe located in part above the discharge-pipe, near the discharge-faucet thereon and connected to the discharge-pipe at that place from above said discharge-pipe, and a stopcock above the discharge-pipe and within the supplemental pipe near its connection with the discharge-pipe, whereby the liquid in the discharge-pipe may be allowed to return by gravity to said receptacle by the operating of said stopcock and the liquid be prevented from leaking into the supplemental pressure-pipe from the discharge-pipe.

"(2) In a dispensing apparatus for liquids, a receptacle containing the liquid, a source of pneumatic pressure, a main pressure-pipe from said source of pressure communicating with said receptacle above the liquid therein, a discharge-pipe from said receptacle, a discharge-faucet on said discharge-pipe, a supplemental pressure-pipe under uniform pressure at all times with that in the main pressure-pipe, said supplemental pressure-pipe located in part above the discharge-pipe near the discharge-faucet thereon and connected

to the discharge-pipe at that place from above said discharge-pipe, a stopcock within the supplemental pressure-pipe near its connection with the discharge-pipe leaving a vertically-arranged passage between said stopcock and discharge-pipe, whereby the liquid in the discharge-pipe may be allowed to return *by gravity alone to the receptacle by opening said stopcock,* and whereby a cushion of air will remain within said vertically-arranged passage and prevent the liquid from the discharge-pipe from connecting with said stopcock when the stopcock is closed.

"(3) In a dispensing apparatus for liquids, a receptacle containing the liquid, a source of pneumatic pressure, a main pressure-pipe from said source of pressure communicating with said receptacle above the liquid therein, a discharge-pipe from said receptacle, a discharge-faucet on said discharge-pipe, a supplemental pipe under uniform pressure at all times with that in the main pressure-pipe and connected to the discharge-pipe near the discharge-faucet thereon, and a stopcock having a contracted passage through it when opened located within the supplemental pressure-pipe near its connection with the discharge-pipe, whereby the liquid in the discharge-pipe may be allowed to return by gravity alone to said receptacle when said stopcock is opened and its returning movement be retarded as desired by the contracted passage through said stopcock.

"(4) In a dispensing apparatus for liquids, a plurality of receptacles, each containing a liquid, a source of pneumatic pressure, a main pressure-pipe from said source of pressure communicating with each of said receptacles above the liquid therein, discharge-pipes from receptacles, a discharge-faucet on each discharge-pipe, a supplemental pressure-pipe under uniform pressure with that in the main pressure-pipe connected to each discharge-pipe near the discharge-faucet thereon from above the highest part of said discharge-pipe, and a stopcock in each connection between the supplemental pressure-pipe, and the discharge-pipes, whereby the liquid in each of the discharge-pipes may be allowed to return by gravity alone to its respective receptacle, independent of the liquids in the other discharge-pipes when its respective stopcock is opened."

Rev. St. § 4918 [U. S. Comp. St. 1901, p. 3394], reads as follows:

"Whenever there are interfering patents, any person interested in any one of them or in the working of the invention claimed under either of them, may have relief against the interfering patentee, and all parties interested under him, by suit in equity against the owners of the interfering patent; and the court, on notice to adverse parties, and other due proceedings had according to the course of equity, may adjudge and declare either of the patents void in whole or in part, or inoperative, or invalid in any particular part of the United States, according to the interest of the parties in the patent or the invention patented. But no such judgment or adjudication shall affect the right of any person except the parties to the suit and those deriving title under them subsequent to the rendition of such judgment."

The defendant pleaded that the invention set forth in the claim of the Moran patent was different from that set forth in the claim of the Nolan patent, and that the two patents did not interfere with each other.

Generally it has been held that section 4918 gives the court jurisdiction only to determine the question of priority between interfering claims; that is to say, between claims substantially identical. As was said by Judge Colt in Nathan Manufacturing Company v. Craig (C. C.) 49 Fed. 370:

"The invention which a man patents is that which he claims, and patents do not interfere unless they claim the same invention in whole or in part. Upon suits brought under this section, it has, therefore, been repeatedly held, until it has become well-settled law, that two patents interfere, within the meaning of this section, only when they claim, in whole or in part, the same invention."

"The complainants' position seems to be that in a bill of this character the court may go outside and beyond the claims of the interfering patents, and consider generally the two inventions or structures, taken as a whole; and complainants cite as an authority upon this point the case of Garrett v. Seibert, 98 U. S. 75, 25 L. Ed. 84. In that case, however, the answer did not deny, but rather admitted, an interference of the patents, and it is therefore not an authority against the general doctrine which the courts have laid down upon this point." Gold & Silver Ore Company v. U. S. Ore Company, Fed. Cas. No. 5,508.

See Pentlarge v. Pentlarge (C. C.) 19 Fed. 817; Lockwood v. Cleveland (C. C.) 20 Fed. 164; Sawyer v. Massey (C. C.) 25 Fed. 144; Am. Clay Bird Company v. Ligowski Clay Pigeon Company (C. C.) 31 Fed. 466; Elec. Accum. Company v. Brush El. Company (C. C.) 44 Fed. 602; Stonemetz Printers' Company v. Brown Folding Company (C. C.) 57 Fed. 601, Dederick v. Fox (C. C.) 56 Fed. 714.

In Palmer Pneumatic Tire Company v. Lozier, 90 Fed. 732, 33 C. C. A. 255, the Circuit Court of Appeals for the Sixth Circuit discussed most of these cases, and sought to overrule many of them by holding that the court has jurisdiction to examine the validity of the patents in question apart from priority of invention. But even that court did not extend the jurisdiction given by section 4918 beyond controversies between identical claims. To permit a complainant having a patent for one invention to annul, by virtue of this section, a patent for a different invention, on the ground of want of patentability in the latter, would transgress the limitations declared in Mowry v. Whitney, 14 Wall. 434, 440, 20 L. Ed. 858. Therefore the court must first determine if the claims here alleged to be in interference are substantially identical.

It is manifest that the claims of the Moran patent, above quoted, differ from the first claim of the Nolan patent, in that they are more specific and contain additional elements. Thus the claims are not substantially identical, and the court is not called upon in this proceeding to determine if one shows patentable invention above another.

The plea is therefore good, and the bill is dismissed, with costs.