## LOCKWOOD *v.* CLEAVELAND.

*(Circuit Court, D. New Jersey.* February 28, 1881.)

1. **INTERFERING PATENTS—CROSS-BILL.—REV. ST. § 4918.**

   In a suit against an interfering patentee under section 4918 of the Revised Statutes the defendant is not required to file a cross-bill in order to obtain affirmative relief.

2. **CROSS-BILL DISMISSED—COSTS.**

   The cross-bill was therefore dismissed in this case, upon the motion of the complainant, as having been improvidently filed, but, under the circumstances, costs were not allowed.—[ED.

In Equity. Motion to Dismiss Cross-bill.

*Browne & Whitter,* for complainant.

*Munson & Philipp,* for defendant.

NIXON, D. J. This is a motion to dismiss a cross-bill, as improvidently filed. The circumstances under which the bill was filed are as follows: On the seventh of September, 1875, the commissioner of patents issued to Rhodes Lockwood letters patent No. 167,455, for "Improvement in India-rubber erasers." On the twenty-fifth of May, 1877, one Francis H. Holton, claiming to be the original and first inventor of a certain improvement in erasive rubber, by an assignment in writing, sold and transferred unto Orestes Cleaveland all his right, title, and interest in and to said improvement, which assignment was duly recorded in the patent-office of the United States, September 27, 1878, in Book J 23, p. 296, of transfers of patents. On the ninth of June, 1877, the said Holton made application to the commissioner for letters patent for said improvement. The commissioner being of the opinion that the application interfered with the letters

patent No. 165,455, before issued to Lockwood, gave notice on the fifth of November, 1878, to the parties in interest, as required by section 4904 of the Revised Statutes, and directed the primary examiner to proceed to determine the question of the priority of invention. Testimony was taken and a hearing had,—the respective parties being represented by counsel,—and on the twelfth of December, 1879, the examiner adjudged Holton to be the prior inventor of the improvement. An appeal was taken from this decision to the board of examiners in chief, which, after hearing the parties, reversed the primary examiner, on the twenty-fourth of February, 1880, and adjudged Lockwood to be the prior inventor. On an appeal from this last judgment to the comnissioner of patents, the commissioner, on the third of May, 1880, held that Holton was the original inventor of the improvement, but refused to grant the letters patent applied for, on the ground that the invention had been in public use and on sale for more than two years prior to Holton's application. From this last judgment, Holton took the case by appeal to the supreme court of the District of Columbia, which reversed the commissioner, on the twenty-eighth of September, 1880, and decided that Holton was entitled to his letters patent. They were accordingly issued to Cleaveland, as the assignee of Holton, on the nineteenth of October, 1880, numbered 233,511.

This condition of affairs existing between the parties, on the second of November, 1880, Lockwood filed a bill in this court against Cleaveland, setting forth the existence of the two. patents, and their interference, one with the other, and praying that the defendant's letters patent might be decreed void, and that he might be restrained, by injunction, from instituting any suit at law or in equity for any alleged infringement thereof. The defendant has answered, denying that Lockwood was the original and first inventor of the improvement described in his letters patent, and claiming that he, as the assignee of Holton, is entitled to the invention, and concluding with the prayer that the complainant's patent may be adjudicated void. Simultaneously with the answer, and by leave of the court, the defendant, Cleaveland, also filed a

cross-bill, praying that the complainant's patent might be declared void, and that he might be restrained from bringing any action in any court for an infringement of the same.

The counsel for the complainant in the original suit now asks the court to dismiss the cross-bill, on the ground that section 4918 of the Revised Statutes affords all the relief in the original suit which the defendant can possibly have in the cross-suit. The motion involves the true construction of that section, which is a substantial re-enactment of section 16 of the patent act of 1836, as amended by section 10 of the act of March 3, 1839. It provides that, "whenever there are interfering patents, any person interested in any one of them * * * may have relief against the interfering patentee, and all parties interested under him, by suit in equity against the owners of the interfering patent, and the court, on notice to adverse parties, and other due proceedings had according to the course of equity, may adjudge and declare either of the patents void, in whole or in part. * * *" The design of the provision is obvious. The congress meant to give a speedy and complete remedy to the owners of interfering patents, and, to this end, to clothe the courts with jurisdiction to adjudge and declare either of the patents void, in whole or in part, or inoperative or invalid in any particular part of the United States. The difficulty and doubt arise wholly from the phrase "*due proceedings had according to the course of equity,*" which seems to have been added to the previous legislation, and intended as a limitation upon the remedy, and to conclude the parties to three modes of procedure recognized in equity practice.

Nothing is more firmly settled in equity than that where a defendant seeks the aid of the court for the purpose of enforcing affirmative rights, he must file a cross-bill, although such a course is not necessary when he relies upon his rights merely as a defence to the relief sought against him. 2 Dan. Ch. Pr. 1550*.

The general rule is that he cannot have any positive relief against the plaintiff, even on the subject-matter of the suit, except by cross-bill. Story, Eq. Pl. § 398, n. 3; *Miller* v.

*Gregory,* 1 C. E. G. 274; *Scott* v. *Lalor's Ex'rs,* 3 C. E. G. 301; *Leddell* v. *Starr,* 4 C. E. G. 159; *Allen* v. *Roll,* 10 C. E. G. 164; *Pattison* v. *Hull,* 9 Cow. 747; *Morgan* v. *Tipton,* 3 McL. 344; *Carnochan* v. *Christie,* 11 Wheat. 446. But there are exceptions to this rule in the more modern practice; as, for example, in the case of a suit for specific performance. The supreme court of the United States, in *Bradford* v. *The Union Bank of Tenn.* 13 How. 57, adopted the practice first suggested by Sir William Grant, master of the rolls, in *Staplyton* v. *Scott,* 13 Ves. 425, and sanctioned by Lord Eldon in *Fife* v. *Clayton,* Id. 546, and dispensed with a cross-bill and granted relief to the defendant, on his answer to a bill for the specific performance of a contract, wherein an agreement was set up differing in many particulars from the one on which the bill of complaint was founded. The court regarded such a departure from the established practice justifiable, "as most convenient and expeditious in settling definitely the rights of the parties, and for the sake of saving further litigation and expense."

It is quite clear, from the reasoning of the court in the opinion deciding the case, that if the same learned tribunal should be called upon to construe the section under consideration, it would have no difficulty in finding in its provisions ample authority for the courts to give affirmative relief to a defendant, on an answer which denies validity to the complainant's interfering patent. But, whether this be so or not, all the courts which have had occasion to construe the section have assumed or decided that they had jurisdiction over all the interfering patents, upon a bill filed, and that on proper issues formed by the pleadings, without the intervention of a cross-bill, affirmative relief could be granted to either of the parties entitled to it, by declaring one or the other, or all, of the patents void or valid.

The case of *The Gold & Silver Ore Separating Co.* v. *The United States Disintegrating Ore Co.* 6 Blatchf. 307, invoked the jurisdiction of the court, under the sixteenth section of the act of July 4, 1836, and was heard by Judge Blatchford, on bill and answer. The bill alleged that on the eighth of

March, 1864, letters patent were granted to one John B. Gale, as assignee of William E. Hogan, for an "improvement in stoves;" that on the sixth of June, 1865, the said patent was surrendered, and re-issued in two separate patents, and that one of the two, numbered 1,988, was for an "improvement in furnaces for treating ores by superheated steam;" that on the third of January, 1865, letters patent No. 45,803 were issued to C. D. De Forest and others, as assignees of Melchoir B. Mason, for an "improved method of desulphurizing and oxygenizing metallic ores;" that Hogan was the original and first inventor of the improvements claimed in the re-issue No. 1,988; and that the invention therein described was identical with that covered by the Mason patent. The bill prayed that the last-named patent might be adjudged to be void.

The answer set up in defence that the original patent to Gale was not for the same invention as that described and claimed in the Mason patent; that Mason was the prior inventor of the inventions therein patented, and that the said re-issue No. 1,988 had been procured and the claims expanded for the purpose of fraudulently covering the inventions of Mason. It then prayed that the court would decree the re-issue to be void and the patent No. 45,803 to be valid. The proofs were taken and the case argued upon the issues raised by the pleadings, and the court decided the several questions, (*a*) of interference between the patents, (*b*) of priority of invention, and (*c*) of the validity of the respective patents, holding that one was good and the other bad. The cause was argued by Mr. Keller for the complainants, and by Mr. Gifford for the defendants, and the best evidence that the method of procedure was regular is found in the fact that neither of these distinguished patent lawyers suggested a doubt, on the argument, that the court had authority, under the provisions of the statute, to decide such issues upon bill and answer.

The next case, in the order of time, is *The Union Paper Bag Co.* v. *Crane*, reported in 6 O. G. 801, tried before Judges Clifford and Lowell. The bill was filed under section 4918

of the Revised Statutes, and alleged that the complainants owned a patent, granted to them December 24, 1872, as assignees of one L. D. Benner, for an improvement in paper bags, of which Benner was the original and first inventor; that the defendants held a patent, dated February 20, 1872, for an improvement alleged to have been invented by Luther C. Crowell; that the patents interfered; and the complainants prayed that the defendants' patent might be declared void. The answer denied that Benner was the prior inventor of the improvement patented to the complainants; insisted that Crowell was the inventor of that held by the defendants; neither confessed nor denied the interference; but concluded with the prayer that the complainants' patent should be adjudged void. The court considered the issues upon these pleadings, and, on a comparison of the specifications of the two patents, held that they described and claimed the same invention, and that Crowell was the true and first inventor; thus reversing the judgment of the patent-office, which had declared an interference, examined the case, and decided in favor of Benner. The decree passed by the court declared the defendants' patent to be good and valid, and the complainants' to be void.

The only other case, involving a construction of the section under consideration, that I have been able to find, is that of *Foster* v. *Lindsay,* 3 Dill. 126, in which Judge Treat, sitting in the circuit court for the eastern district of Missouri, expressly held that the section vested the power in the court to adjudge either of the interfering patents void, in whole or in part, and also authorized a decree that both patents were void. The learned judge found a support to his opinion in the allusion made by the supreme court in *Mowry* v. *Whitney,* 14 Wall. 440, to the scope and purport of the sixteenth section of the act of 1836. The defendant had set up in his answer that both of the interfering patents were void for want of novelty. The court allowed the defence to the action, and said that the power conferred by the statute to declare either of the patents invalid, in whole or in part, necessarily included full authority, where the evidence justified, on the issues made,

to decree, not one of the patents alone, but both to be void, and adjudged accordingly.

Upon the whole case, I am of the opinion that the motion of the complainant must prevail, and the cross-bill be dismissed; but, under the circumstances, without costs.