## PENTLARGE *v.* PENTLARGE.[1]

*(Circuit Court, E. D. New York. January 22, 1884.)*

INTERFERING PATENTS—ACTION UNDER REV. ST. § 4918—PLEA IN BAR.

In an action under Rev. St. § 4918, where the plaintiff seeks to have the defendant's patent declared void on the ground that it is for the same invention, and subsequent to the plaintiff's patent, a plea in bar by the defendant, which admits the priority of the plaintiff's patent for the same invention, but sets out a fact which would render the plaintiff's patent void for want of novelty, must be overruled, because the fact is immaterial in this proceeding.

In Equity.

*Preston Stevenson,* for plaintiff.

*Brodhead, King & Voorhees,* for defendants.

BENEDICT, J. This case has, for the convenience of counsel, been presented in several aspects. To an amended bill the defendants have filed a demurrer. The questions raised by this demurrer are the same as those heretofore raised and determined upon a demurrer to the original bill in this cause. The action, so far as it rests upon facts supposed to make out a case of duress, is not strengthened by anything contained in the amended bill, nevertheless the amended bill can stand for the same reason that the original bill was allowed to stand. The demurrer to the amended bill is therefore overruled.

Next may be considered the question raised by a motion on the part of the plaintiff to strike from the files a plea interposed by the defendants; or, otherwise, that the plea stand as an answer. By this motion the question has been raised whether the fact stated in the plea must not be brought before the court by answer, and not plea. This action is a proceeding taken by virtue of Rev. St. § 4918, where provision is made for a suit in equity whenever there are interfering patents. The bill, after setting forth a certain patent issued to the plaintiff, as the first inventor of the invention therein described, charges that the defendants have a patent issued subsequent to the plaintiff's patent, and for same invention, which patent the plaintiff prays may be declared void, pursuant to the provisions of section 4918. To this bill the defendants have interposed a plea in bar of the action, in which plea they say that the invention described in the plaintiff's patent was described in an English patent issued in 1855

[1]Reported by R. D. & Wyllys Benedict, of the New York bar.

v.19,no.11—52

to William Rowland Taylor, and printed and published, and filed in the United States patent-office prior to the time of the plaintiff's alleged invention, by reason whereof plaintiff's patent is void, and does not entitle him to maintain any action based thereon. And the question arises whether the subject-matter of this plea can be brought before the court by plea. If a decision of this question of practice were necessary on this occasion, it might be difficult to assign any substantial reason why, if the facts stated in the plea respecting the English patent be fatal to the plaintiff's right of action, such facts may not be presented by plea, provided the defendant elect, as this defendant has done, to present them in that way, and not by answer. But a decision of that question is not called for here, inasmuch as the argument of the plea, which was had without prejudice to the question raised by the motion, has satisfied me that the plea must be overruled upon the ground that the fact pleaded, if true, is immaterial in an action like the present.

The proceeding is statutory, instituted by virtue of section 4918. Such a proceeding, as I conceive, has for its sole object a determination of the question of interference and of priority of invention. It is, by the terms of the statute, limited to cases of interfering patents, and it is only in case interfering patents are found to have been issued that the court is empowered to "adjudge and declare either of the patents void." The implication is that when the patents are found to interfere, the result of the proceeding shall be a decree making void the patent issued to the later inventor. But if the defendant in such an action may attack the plaintiff's invention upon any ground which the statute permits to be set up by answer in an action for infringement, it would often result that the proceeding would fail to secure an adjudication of the question of interference, and so the proceeding be rendered futile for the purpose which the statute intended should be accomplished. Such would be the result in this case. By this plea the defendant admits the averment of the bill that the plaintiff's patent is for the same invention as that described in the defendant's patent, and also that the plaintiff was the first inventor. Upon these facts, according to the statute, the plaintiff should have a decree declaring the defendant's patent void, and yet if the plea be allowed the plaintiff will obtain no adjudication upon this question, while the defendant will obtain a decree declaring the plaintiff's patent void and leaving his own to stand; and this, too, when the fact stated in his plea, if true, taken in connection with the facts stated in the bill, which are admitted, show the defendant's patent to be also void. The defendant, then, by his plea and his admission, taken together, shows his own patent void, and, upon that showing, claims a decree declaring the plaintiff's patent void and leaving his own unaffected. Such a result cannot, as it seems to me, be permitted. According to my understanding of the statute, the proceeding permitted thereby is to be confined to a

determination of the questions of interference and priority, and, if I am right in this, the issue tendered by the plea is immaterial. This conclusion has not been reached without giving careful consideration to the opinion expressed by TREAT, J., in *Foster* v. *Lindsay*, 3 Dill. 126, where the opposite conclusion was arrived at. With all my respect for the opinion of that distinguished judge, I am unable to agree with him.

An order will accordingly be entered overruling the plea.