## LOCKWOOD *v.* CLEVELAND and others.

*(Circuit Court, D. New Jersey.* March 25, 1884.)

REOPENING A FINAL DECREE.
　　Efforts to reopen a final decree should be discouraged, no matter how meritorious the grounds. The party has his remedy by offering a fresh grievance, and upon suit therefor introducing the new defense.

On motion for Rehearing. See 18 FED. REP. 37.

*Bedle, Muirheid & McGee,* for the motion.

*Browne & Witter, contra.*

NIXON, J. This is a motion to allow one of the defendants to open a decree entered in the above case, to amend the answer, and to take new proofs. The original bill was filed under the provisions of section 4918 of the Revised Statutes. The only question involved was the one of priority of invention between two patentees. An interference had been declared in the patent-office, and after many conflicting opinions, in the progress of the case, an ultimate decision had been reached adverse to Lockwood and in favor of Horton. Not satisfied with the result, the complainant came into this court, praying for a decree declaring the Horton patent void. The defendants answered, denying priority of invention in Lockwood, and claiming it for Horton; and, under the peculiar provisions of that section, asking for a decree that complainant's patent be declared void. There was, however, no suggestion that it was void for any other reason except that the patented invention had been anticipated by Horton. Upon this issue and the proofs, the court held that while both were original inventions, Lockwood was the first, and that, as between them, his patent should stand and the defendants' should be vacated. One of the defendants now files a petition for a rehearing. He practically admits that the decree, as far as it goes, is correct; for he alleges in his petition that he has now discovered that the invention claimed in the two interfering patents has been known and in public use for fifteen years. He complains that the decree does not go far enough. He wants to add something to it, to-wit, that complainant's patent is also void,—not, as was claimed in the answer, because it was anticipated by the invention of Horton, but for want of novelty generally. In order to introduce such a defense, he asks leave to amend by including such an allegation in the answer.

The learned counsel of the complainant, at the hearing, happily characterized the proceeding as a change of base by defendants after defeat. We do not say that circumstances may not arise which would justify the court in opening a final decree, allowing new defenses to be added, new proofs to be taken, and another hearing to be had. But such a course is unusual, and, if easily obtained, it would render a final decree in equity of little practical value. Courts

do not look upon applications of the kind with favor.   Mr. Justice McLEAN, in *Waldon* v. *Bodley*, 14 Pet. 160, alluding to the subject of amendments, said.

"There are cases (in chancery) where amendments are permitted at any stage of the progress of a case, as where an essential party has been omitted; but amendments which change the character of the bill or answer, so as to make substantially a new case, should rarely, if ever, be admitted after the cause has been set down for hearing, much less after it has been heard."

And, it may be added, still more rarely after the cause has been decided.

But this is not the most serious hindrance to granting the request of the defendant.   We are satisfied that the defense which he wishes to introduce is not allowable.   The sole question that can be litigated under section 4918 is the question of priority between the two interfering patents.   In the patent act, as it now stands, we find no authority given to the courts, to set aside or annul a patent for mere want of novelty.   By the sixth section of the act of February 21, 1793, (1 St. 322,) where the defenses to a suit for violation are enumerated, it is provided that where any of the defenses are established, the court shall declare the patent void.   But this provision was dropped in section 15 of the act of July 4, 1836, (5 St. 123,) and has never since been re-enacted.

In the case of *Mowry* v. *Whitney*, 14 Wall. 434, the question of the authority of individuals and of judicial tribunals to set aside or declare void a patent, was raised, fully discussed, and decided.   Whitney, holding a patent for an improvement in annealing and cooling cast-iron wheels, brought suit against Mowry for an infringement.   Pending the proceedings, he applied to the commissioner of patents for a seven-years extension, and in so doing furnished a statement in writing, under oath, of the ascertained value of the invention, and of the expenditures and receipts accruing to him by its use.   The extension was granted.   Mowry was declared an infringer, and a reference was ordered to ascertain the profits and damages.   Conceiving that the profits proved were much larger than Whitney had sworn them to be in the statement he exhibited before the commissioner when seeking his extension, Mowry filed a bill in the circuit court of the United States for the Eastern district of Pennsylvania to have the extension set aside on the ground of fraud.   A demurrer was filed, and one of the grounds of demurrer was that complainant could not, in his own right, sustain such a suit.   The court said that they were of the opinion that no one but the government, either in its own name or in the name of its appropriate officer, or by some form of proceedings which gave official assurance or the sanction of the proper authority, could institute judicial proceedings for the purpose of vacating or rescinding the patent which the government had issued to an individual, except in the cases provided in section 16 of the act of July 4, 1836, (sections 4915 and 4918, Rev. St.,) and that a suit by

individuals is limited by said sections to persons claiming under interfering patents, or one whose claim to a patent has been rejected because his invention was covered by a patent already issued.

If congress intended in these sections to allow general defenses to be set up, outside of the naked question of priority of conflicting patents, we do not see why the provision was incorporated that the judgment or adjudication should not affect the right of any person except the parties to the suit, and those deriving title under them, subject to the rendition of the judgment. The only opinion we have found which seems to throw any doubt upon such a limitation of the scope of the sections is in the case of *Foster* v. *Lindsay*, 3 Dill. 126, in which the learned judge holds that under proper pleadings the courts have authority to declare both patents void. The case was cited by us in *Lockwood* v. *Cleveland*, 6 FED. REP. 726, not to approve of that proposition, but to uphold the doctrine which was sought to be established in the opinion, that in proceedings in a contest between the owners of interfering patents, under section 4918, courts had power, without a cross-bill, to grant affirmative relief to defendant when prayed for in the answer. There is nothing in the decree as entered to hinder the petitioner from using the invention claimed in the Lockwood patents in the prosecution of the business of the company. If he does so, and is sued for infringement, he can raise the defense which he is endeavoring to incorporate into this case. Believing that to be his proper course and remedy, we must decline to reopen the case.

But, irrespective of the foregoing considerations, and after reading the affidavits of the petitioner, we are further of the opinion that the petitioner is obnoxious to the charge of laches; or, at least, that he states nothing to relieve himself from the charge. He alleges in his petition that the new facts which he wishes to introduce into the proofs are the public use of the invention, and that anticipation of complainant's patent, and that the invention was well known and publicly used in the trade more than 15 years ago. The evidence, therefore, was easily accessible, and the only reason suggested why it was not obtained was the fact that he did not understand its materiality.

The motion must be refused.