NEW DEPARTURE BELL CO. v. HARDWARE SPECIALTY CO.

(Circuit Court, D. New Jersey. June 5, 1894.)

PATENTS—CROSS BILL IN SUIT FOR INFRINGEMENT.

In a suit to restrain infringement of certain patents, a cross bill alleged that defendant owned prior patents, which complainant infringed, and prayed an injunction and account. It also alleged that the patents of complainant and defendant were interfering patents, and prayed that complainant's patents be declared void; and it prayed that damages for the alleged infringements be set off. *Held*, that the cross bill must be stricken out, on motion, as not germane to the subject of the original bill.

This was a suit by the New Departure Bell Company against the Hardware Specialty Company for infringement of patents. Defendant answered the bill, and also filed a cross bill. Complainant moved to strike out the cross bill.

J. J. Jennings, for the motion.
J. C. Clayton, opposed.

GREEN, District Judge. The original bill of complaint was filed to enjoin the infringement by the defendant of letters patent No. 456,056, dated July 14, 1891, and letters patent No. 471,982, dated March 29, 1892. The defendant has duly answered the bill of complaint, setting up various defenses to the suit; and it has also filed a cross bill, in which it is alleged that it also owns certain patents, which antedate the patents of the complainant, and which the complainant is guilty of infringing, and prays an injunction and account. It also alleges that the patents of the complainant and of itself are interfering patents, and prays, under the statute in such case made and provided, that there may be a decree declaring the patents of the complainant void for the whole territory of the United States, and, finally, that whatever damages it may receive against the complainant because of its infringement of the last-named patents may be set off against any damages which the complainant may recover against it for its alleged infringement. The cross bill also

prays that the complainant may be enjoined from prosecuting other actions against customers of the defendant for alleged infringement.

It is apparent, upon this statement of the allegations of the cross bill, and the scope of the relief sought, that it cannot be maintained as a cross bill. A cross bill must be in all respects germane to the subject-matter of the original bill. It is a bill brought by the defendant against the complainant touching and concerning only and exactly the same subject-matter with which the original bill concerns itself, and in which the defendant seeks affirmative relief which cannot be obtained by answer. So strictly has this restriction been applied that it is customary to refuse a decree upon new and distinct matters introduced by a cross bill which were not embraced in the original bill of complaint. Nor is this difficulty avoided by the contention that the allegation of interfering patents is based upon matters germane to the subject-matter of the original bill. It is not necessary to discuss the question whether they are or not. It is enough to say that the statute relied upon contemplates only such a suit in equity as presents but a single issue,—that of priority between the alleged interfering patents. This matter is res adjudicata in this circuit. Lockwood v. Cleaveland, 6 Fed. 721.

The motion to strike out the cross bill is granted, without prejudice to the right of the defendant to raise by original bill the issues stated in cross bill.