STANDARD CARTRIDGE CO. et al. v. PETERS CARTRIDGE CO.

(Circuit Court, S. D. Ohio, W. D. July 15, 1895.)

No. 4,509.

1. PATENTS—BILL TO ESTABLISH RIGHT TO PATENT—INTERFERENCE DECISIONS.
   In proceedings on a bill filed under Rev. St. § 4915, by a defeated contestant in interference proceedings, to establish a right to a patent, he cannot attack the patent issued to the defendant, on the ground that the specifications thereof are insufficient. The only question which can be considered is whether complainant is entitled to a patent for the invention described in the bill and specified in his claim filed in the patent office.

2. SAME—BURDEN OF PROOF—CUMULATIVE AND IMPEACHING EVIDENCE.
   In such a proceeding, the burden is upon the complainant to establish his contention beyond a reasonable doubt (Morgan v. Daniels, 14 Sup. Ct. 772, 153 U. S. 120); and the final decision of the patent office on the question of priority should not be set aside upon merely cumulative or impeaching evidence.

This was a bill filed under Rev. St. § 4915, by the Standard Cartridge Company and Charles S. Hisey against the Peters Cartridge Company to establish a right to a patent for an alleged invention relating to cartridge-loading machines.

Parkinson & Parkinson and E. M. Marble, for complainants.
Hall & Brown and Albert T. Brown, for defendant.

SAGE, District Judge. This suit is brought under section 4915 of the Revised Statutes of the United States to establish the right

[1] Fed. Cas. No. 312.

claimed by the Standard Cartridge Company to letters patent, denied by the commissioner of patents, for certain inventions in cartridge-loading machines, which it is averred were made by Charles S. Hisey, and by mesne assignment are now the property of the complainant, the Standard Cartridge Company. The defendant as assignee of the right, title, and interest of George Ligowsky to certain improvements in cartridge-loading machines, set forth in an application filed by him in the patent office June 20, 1889, was granted a patent therefor on the 8th of December, 1891. On the 8th of June, 1889, Gershom M. Peters filed his application for a patent upon similar improvements, and on the 24th of June, 1889, Charles S. Hisey filed his application. The patent office declared an interference between these three parties. Hisey had also filed an application September 8, 1888, and that, too, was included in the interference. Much testimony was taken on behalf of each party in support of his claim of priority of invention. The interference, which was bitterly contested, was decided by the examiner of interferences of the patent office April 29, 1891, in favor of George Ligowsky. From that judgment an appeal was taken to the examiners in chief, who reversed the decision as to Hisey and Ligowsky, and found priority in favor of Hisey. An appeal to the commissioner of patents followed. On the 15th of October, 1891, he reversed the decision of the examiners in chief, and awarded priority of invention to Ligowsky. A motion for rehearing was made by Hisey for alleged errors of fact and of law. The commissioner, on the 17th of November, 1891, again found, in an elaborate opinion, that Hisey was not the prior inventor, and denied the motion. The complainants' record in this case covers 1,386 octavo pages; the defendant's, 1,150 pages. The complainants' book of exhibits contains 278 numbered pages, and copies of letters patent fill nearly as many more. The Ligowsky interference record, which is also introduced, contains 167 pages, and Hisey's 374. One brief for complainants contains 264 pages; another, 146 pages. The brief for defendant contains 284 pages. The total number of octavo pages of printed matter in the case, exclusive of letters patent, and of certain other exhibits, is 4,022. It is obvious at the outset that it would be simply impossible to enter upon the details of the evidence or of the arguments of counsel without exceeding by far the limits of any opinion that a nisi prius judge should be expected to prepare, or that any one, excepting, possibly, the parties and their counsel, should be expected, or would be likely, to read.

From the beginning to the end of the record there is a conflict of evidence. The decision of the cause must depend upon the conclusions of fact, to be deduced from the opposing and irreconcilable statements of witnesses, many of them interested. The questions of fact are the same that were presented to and passed upon by the officials of the patent office. Once they were decided in favor of the complainant Hisey, and three times in favor of Ligowsky, defendant's assignor. Upon the final decision by the commissioner, the patent was issued to the defendant. More testimony has been taken on both sides,—some in confirmation, some in denial, mostly cumulative or impeaching,—but the same conflict remains, and the

same questions are to be determined as when the contest was in the patent office, with one exception. In this case, the complainants made an attack upon the sufficiency of the specification of the patent issued to defendant on the Ligowsky invention. That attack cannot be properly made in this case, which is under section 4915, and not under section 4918, of the Revised Statutes, and is a continuation of the interference contest in the patent office. The only question that can be considered here is whether the complainant the Standard Cartridge Company, holding under mesne assignment from the complainant Charles S. Hisey, is entitled, according to law, to receive a patent for the invention described in the bill, and as specified in his claim filed in the patent office. Whether the specification in the patent issued to the defendant is sufficient or insufficient is not involved in this case. It is wholly incompetent, and cannot be inquired into. Pentlarge v. Pentlarge, 19 Fed. 817; Lockwood v. Cleveland, 20 Fed. 164; American Clay-Bird Co. v. Ligowski Clay-Pigeon Co., 31 Fed. 467.

Inasmuch as it is conceded that, if Hisey is the prior inventor, he is entitled to his patent, the only question to be determined is the question of priority. The burden of proof is upon the complainants; and they must establish their contention beyond a reasonable doubt. Coffin v. Ogden, 18 Wall. 120; Cantrell v. Wallick, 117 U. S. 689, 6 Sup. Ct. 970; Morgan v. Daniels, 153 U. S. 120, 14 Sup. Ct. 772. In Morgan v. Daniels, the latest and clearest and most pointed of all the cases, Mr. Justice Brewer, announcing the opinion of the court, said that the case was something more than an appeal; "that it was an application to the court to set aside the action of one of the executive departments of the government; * * * that it was something in the nature of a suit to set aside a judgment, and as such not to be sustained by a mere preponderance of evidence,"—citing Butler v. Shaw, 21 Fed. 321, 327. He further said that it was "a controversy over a question of fact which had once been settled by a special tribunal, intrusted with full power in the premises. As such, it might be well argued, were it not for the terms of the statute, that the decision of the patent office was a finality upon every matter of fact,"—citing Smith v. Vulcanite Co., 93 U. S. 486; Lehnbeuter v. Holthaus, 105 U. S. 94, to the point that not only is the burden of proof upon the party setting up prior invention against a patent, but that every reasonable doubt should be resolved against him. He declared that those two cases were closely in point; because the plaintiff in Morgan v. Daniels, like the defendant in the cases cited, was "challenging the priority awarded by the patent office, and should, we think, be held to as strict proof." He referred to the "presumption in favor of that which has once been decided," and to the fact that that presumption "is often relied upon to justify an appellate court in sustaining the decision below," citing Crawford v. Neal, 144 U. S. 585, 596, 12 Sup. Ct. 759, where, the court below having concurred in the findings of fact and conclusions of law reported by a master, the supreme court said that they were "to be taken as presumptively correct, and, unless some obvious error has intervened in the application of the law, or some serious or important mistake has been made in the consideration of the evidence, the decree should

be permitted to stand." In Morgan v. Daniels, as in this case, the examiner of interferences found that the defendant was the original inventor. In Morgan v. Daniels, the assistant examiner concurred in the finding. On appeal, the examiners in chief, two members being present (as was the fact in this case), came to a different conclusion, and awarded priority to the complainant. On further appeal, the commissioner of patents reversed the judgment of the examiners in chief and sustained that of the original examiners, as was done in this case. A motion for rehearing was brought before a succeeding commissioner, and overruled. In this case, a motion for rehearing was brought before the same commissioner, and was overruled. In Morgan v. Daniels, the case was submitted to the circuit court without any additional testimony, where the conclusion finally reached in the patent office was dissented from, and the plaintiff was adjudged to be the original inventor. Justice Brewer said: "Evidently, therefore, the question as to which was the prior inventor is not free from doubt." The supreme court reversed the judgment of the circuit court, and remanded the case, with instructions to dismiss the bill. In this case, as has already been stated, much additional testimony has been introduced; but it is mostly either in corroboration or in contradiction of testimony in the interference case in the patent office. For illustration: In the decision by the examiner of interferences of the patent office, he refers to the testimony of Ligowsky and of eight other witnesses as, in his opinion, clearly proving that Ligowsky made and disclosed to others, in the fall of 1887, seven sketches or drawings of his invention, whereas Hisey did not claim to have made the invention until April, 1888. The commissioner of patents, in his opinion, said: "If there be in the case a material allegation of fact, resting upon oral testimony, which is better supported by proof than any other, it is that, during the year 1887, Ligowsky produced seven sketches showing the parts of the improvements in controversy, and during that year made disclosures of these features to others." In addition to the testimony of those nine witnesses, the defendant now presents the testimony of five additional witnesses to the fact, making, altogether, fourteen witnesses who testify that Ligowsky made the invention in controversy in 1887. Of these five last called, three are entirely disinterested, having no connection with Ligowsky or the Peters Cartridge Company. On the other hand, there are produced additional witnesses, including relatives and members of the family of Hisey, whose depositions were taken after Ligowsky's death, and who testify that Ligowsky admitted in their presence that Hisey was the inventor of the improvements for which he now seeks a patent.

It has been held that a new trial at law will not be granted upon the ground of the discovery of cumulative or of impeaching or contradicting evidence merely. Ames v. Howard, 1 Sumn. 482, Fed. Cas. No 326; Brown v. Evans, 17 Fed. 912; Carr v. Gale, 1 Curt. 384, Fed. Cas. No. 2,433; U. S. v. Potter, 6 McLean, 182, Fed. Cas. No. 16,077; Macy v. De Wolf, 3 Woodb. & M. 193, Fed. Cas. No. 8,933. By parity of reasoning, the decision of the commissioner ought not to be set aside upon merely cumulative or impeaching evidence. The ad-

ditional testimony cannot be said to so completely settle the disputed facts as to establish beyond a reasonable doubt that the decision of the commissioner of patents was wrong. The fact referred to in the illustration above given is not only vital, but is a controlling fact of the case. The new evidence relating to other features of the case is of the same character. The opinion of this court, after having heard the arguments of counsel, examined their briefs and the record, and considered the whole case, is that, independently of the rule as to the burden of proof, the decision of the commissioner of patents is right, that Ligowsky was the inventor, and that the attempt of Hisey to appropriate the invention was fraudulent. For the reasons stated in his opinions, the conclusion of the court is that the equity of this cause is with the defendant. The bill will be dismissed, at the costs of the complainants.