COFFIELD MOTOR WASHER CO. v. A. D. HOWE CO.

(Circuit Court, N. D. West Virginia.  September 8, 1909.)

1. PATENTS (§ 148*)—REISSUE—INFRINGEMENT.
Under Rev. St. § 4916 (U. S. Comp. St. 1901, p. 3393), which provides that a reissue patent shall have the same effect and operation in law as if the same had been originally filed in such corrected form, those who use or sell after the date of the reissue patent articles covered thereby become infringers, although they had lawfully sold them prior to the reissue by reason of an omission which was thereby corrected.
[Ed. Note.—For other cases, see Patents, Cent. Dig. §§ 221, 222; Dec. Dig. § 148.*]

2. PATENTS (§ 328*)—INFRINGEMENT—WATER MOTOR.
The Coffield reissue patent, No. 12,719 (original No. 806,779), for a water motor, held valid and infringed on a motion for a preliminary injunction.
[Ed. Note.—For other cases, see Patents, Dec. Dig. § 328.*]

3. PATENTS (§ 310*)—SUIT FOR INFRINGEMENT—CROSS-BILL.
Conceding that the defendant in a suit for infringement of a reissue patent may by cross-bill set up an interfering patent, and obtain a decree cancelling complainant's reissue for fraud, such cross-bill must at least set out the specific facts relied on to constitute the fraud.
[Ed. Note.—For other cases, see Patents, Dec. Dig. § 310.*]

In Equity.  On motion for preliminary injunction and motion to strike out cross-bill.

The complainant has filed its bill in this cause, alleging the issuance to Peter T. Coffield on December 12, 1905, of letters patent No. 806,779 for water motors, the assignment thereof on March 20, 1906, by Coffield to the firm of P. T. Coffield & Son, the surrender by this firm of this original and the issue to it on November 12, 1907, of reissue letters patent No. 12,719 for the same invention, the assignment on May 28, 1909, of said reissue patent by said firm of P. T. Coffield & Son to complainant, a corporation under the laws of Ohio; that the defendant, a West Virginia corporation, with full knowledge of the rights of complainant under such letters patent and in violation thereof, are manufacturing and selling water motors substantially the same as those manufactured by complainant and protected thereby; that the validity of said reissue patent

─────────────────────────────

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

has been upheld by this court in the cause of P. T. Coffield & Son v. Spears & Riddle Company. The prayer of the bill is for injunction and accounting. Filed with the bill as exhibits and in support thereof are copies of the original and reissue letters patent, the assignment thereof to complainant, the affidavits of Frank C. Wagner, Peter T. Coffield, and James L. Coffield, various pamphlets and advertising matter used by the parties, and letters received and sent between them touching the controversy. Upon this bill and exhibits the order of this court issued June 12, 1909, requiring the defendant company to show cause on July 13, 1909, why the preliminary injunction prayed for should not be granted, and requiring copies of the bill and exhibits to be served forthwith upon defendant, and allowing it to file and serve copies, affidavits, exhibits, etc., on or before June 30, 1909, and allowing complainant to file reply affidavits, exhibits, etc., on or before July 8, 1909. Under this order complainant has filed as of July 8, 1909, the "file wrapper contents of Howe & Ornold patent" and affidavits of James L. Coffield, Mathew Siebler, John T. Hoban, William F. Minnich, Frank J. Walsh, W. H. Myers, Samuel Brown, and A. J. Pocock.

On July 13, 1909, at the hearing, the defendant filed its "answer and cross-bill," the certified copy of an affidavit of Peter T. Coffield filed in the Circuit Court of the United States for the Southern District of Ohio in a suit of The A. D. Howe Co. v. P. T. Coffield & Son, the affidavits of E. J. Ornold, Royce A. Ruess, Ralph W. Howe, W. T. Terry, H. C. Ulrich, and L. L. Cotton, with certain advertising pamphlets and correspondence. The defendant in its answer sets up title by assignment to a patent applied for May 7, 1906, and issued January 15, 1907, No. 841,649, to Ralph W. Howe and Edwin J. Ornold for a water motor which it insists does not infringe complainant's one, presents a distinct and patentable improvement upon the latter, and that, on account thereof, the firm of Coffield & Son resorted to the subterfuge of securing its reissue patent No. 12,719 in order to cover the Howe and Ornold improvement. It is further alleged that prior to issue of complainant's original patent No. 806,779 a patent had issued to one J. L. Stetz, No. 516,410, for the same invention which is now owned by defendant; that by reason of its intervening rights complainant's reissue patent is invalid and inoperative as to defendant, and, inasmuch as complainant is manufacturing and selling motors under it that infringe its patent, it prays affirmatively in this answer that complainant be enjoined from so doing. On July 10, 1909, complainant filed a formal motion in writing to strike out its answer purporting to be a cross-bill praying affirmative relief as being filed without notice and without leave of the court. The cause has been elaborately argued orally and in briefs filed and submitted upon complainant's two motions to strike out the answer and for preliminary injunction.

R. J. McCarty, for complainant.
John J. Coniff and H. E. Dunlap, for defendant.

DAYTON, District Judge (after stating the facts as above). In the case of Peter T. Coffield & Son v. Spears & Riddle et al. (C. C.) 169 Fed. 641, I fully considered the validity of complainant's reissue patent No. 12,719 in view of the prior art, and therein stated that I had no trouble "in reaching the same conclusion arrived at by the Board of Appeals in the Patent Office, that Coffield, the patentee, was the first to use in connection with the elements of the mechanism springs which complete the stroke of the valve, and that, taken as a whole, the device is new, useful, and patentable." I further said in that case:

"As to the technical defenses touching alleged irregularities in the Patent Office in the issuing of the original and reissue patents without proper affidavits and evidence of inadvertence, accident, or mistake, it is to be remembered that no such irregularities will be assumed to have occurred, but, on the contrary, the granting of the patent is prima facie evidence that the law has been complied with, and fatal irregularities in the Patent Office must not only

be aptly pleaded but shown by full and satisfactory proof. In case the original patent has been surrendered and a reissued one has been granted, it has been held that such office proceedings can only be impeached for fraud."

After a careful reconsideration of the question, I can find no reason for doubting the soundness of these legal principles. In Seymour v. Osborne, 11 Wall. 543, 20 L. Ed. 33, it is said:

"When the Commissioner of Patents accepts a surrender of an original patent, and grants a new patent, his decision in the premises in a suit for infringement is final and conclusive, and is not re-examinable in a suit in the Circuit Court, unless it is apparent upon the face of the patent that he has exceeded his authority, that there is such a repugnancy between the old and the new patents that it must be held as a matter of legal construction that the new patent is not for the same invention as that embraced and secured in the original patent"—citing Battin v. Taggert, 17 How. 83, 15 L. Ed. 37; O'Reilly v. Morse, 15 How. 111–112, 14 L. Ed. 601; Sickles v. Evans, 2 Cliff. 222, Fed. Cas. No. 12,839; Allen v. Blunt, 3 Story, 744, Fed. Cas. No. 216.

See, also, Rubber Co. v. Goodyear, 9 Wall. 788, 797, 19 L. Ed. 566, and Railroad Co. v. Stimpson, 14 Pet. 448, 458, 10 L. Ed. 535.

I also held in the Spears & Riddle Case that Coffield & Son have brought themselves within the rules laid down in Topliff v. Topliff, 145 U. S. 156, 12 Sup. Ct. 825, 36 L. Ed. 658, governing reissue patents, and to this conclusion I still adhere. Rev. St. § 4916 (U. S. Comp. St. 1901, p. 3393), provides:

"Every patent so re-issued, together with the corrected specification, shall have the same effect and operation in law, on the trial of all actions for causes thereafter arising, as if the same had been originally filed in such corrected form."

Under this statute it follows that novelty dates from the original invention, that those who use or sell after the date of the reissue patent articles covered by it become infringers, although they had lawfully sold them by reason of the omission in the original patent prior to the reissue correcting such omission. Grant v. Raymond, 6 Pet. 218, 8 L. Ed. 376; Stimpson v. Railroad Co., 4 How. 380, 11 L. Ed. 1020; Agawam Co. v. Jordon, 7 Wall. 583, 609, 19 L. Ed. 177; Bliss v. Brooklyn, Fed. Cas. No. 1,544; Carr v. Rice, Fed. Cas. No. 2,440.

With these principles to guide us, it seems clear to me that upon the pleadings as they now stand the single question for me to determine is whether or not the motors manufactured and sold by defendant infringe the reissue patent of complainant. In the Spears & Riddle Case I have fully described the mechanism of the Coffield motor, which I upheld under the reissue patent, and I refer to that case for such description. It is here sufficient to say that it is clear that Ornold, a selling agent of the Coffields, with full knowledge of their motor, left their employ, associated himself with Howe, and they two set to work to devise a motor that would perform the same functions as the Coffield one without infringing its patent. They admit that two attempts of theirs in this direction were failures, and had to be abandoned because they were infringements. The third one upon which they now rely differs from the Coffield one practically only in two particulars. First, it provides for the movement of the cylinder instead of the piston; second, it substitutes a larger single coil spring mounted on the piston rod for the two smaller coil springs carried on the stems of the exhaust

and inlet valves. The idea of movable cylinders with stationary pistons is clearly old and not patentable, as disclosed by the proceedings in the Patent Office where the claim for this was rejected as covered by patents to Fairclough No. 68,721, September 10, 1887, or Lappe (German) No. 15,234 of 1886. The substitution of the single coil spring mounted on the piston rod performs precisely the same function as the two smaller coil springs carried on the stems of the exhaust and inlet valves in the Coffield motor; that is, of imparting the final movement to the valves after said valves have been given their initial movement by contact with the cylinder heads. This is done in the Coffield motor by a spring attached to the valve striking the cylinder head, in the Howe & Ornold motor by the valve striking a plate attached to the spring; the only difference being in the form and location of the spring. The latter simply amounts to a mechanical equivalent for the former, and presents in my judgment no improvement over it. I think the Howe & Ornold motor to be a clear infringement of complainant's reissue patent No. 12,719, and therefore the preliminary injunction will be granted.

Touching the motion to strike out the answer of defendant in the nature of a cross-bill, it follows from the conclusion above reached that the affirmative relief prayed for in the answer cannot now be granted, and that the patent of Howe & Ornold No. 841,649 must upon final hearing be held invalid as infringing complainant's reissue one, unless defendant can successfully assail for fraud the granting of said reissue patent. Whether this can be done otherwise than by an original bill setting forth fully the facts constituting such fraud I have grave doubt. It is true that under section 4918, Rev. St. (U. S. Comp. St. 1901, p. 3394), contrary to the rules of Federal Procedure in other equity cases, it is not necessary for the defendant to file a cross-bill praying that complainant's patent be declared void, as the court, under this statute, can grant affirmative relief and declare either patent void, and some decisions hold may declare both void. Lockwood v. Cleveland (C. C.) 6 Fed. 721; Mowry v. Whitney, 14 Wall. 434, 20 L. Ed. 858; Electrical Accumulator Co. v. Brush Electric Co. (C. C.) 44 Fed. 602; American Clay-Bird Co. v. Ligowski Clay-Pigeon Co. (C. C.) 31 Fed. 466; Foster v. Lindsay, Fed. Cas. No. 4,976; Potter v. Dixon, Fed. Cas. No. 11,325; Palmer Co. v. Lozier (C. C.) 69 Fed. 346. While this is true, it would seem to be also true, under general equity principles, that complainant should be informed specifically of the facts constituting the fraud relied upon to impeach his patent, and that the affirmative relief allowed under this statute should be based upon technical defects apparent on the face of the patent and to interference. Be this as it may, I have determined to give defendant the benefit of all doubt in the matter and will allow its answer to remain, reserving, however, to complainant the right to move for a more specific statement of the grounds of fraud and of the facts upon which the same are based to be set forth in a supplemental answer or cross-bill, if the defendant shall desire to pursue such issue farther, at this time indicating my opinion that the allegations contained in the answer as it now stands are not sufficient, if objection be made, to raise such issue.