NIKOLA TESLA CO. v. MARCONI WIRELESS TELEGRAPH CO. OF AMERICA.

(District Court, S. D. New York. August 10, 1915.)

1. PATENTS ☞127—SUIT TO CANCEL INTERFERING PATENT—PLEADING.
   In a suit for cancellation of a patent, allegations in the answer of a decision of certain questions in issue in a prior suit not between the same parties are irrelevant and impertinent.
   [Ed. Note.—For other cases, see Patents, Cent. Dig. §§ 179, 180; Dec. Dig. ☞127.]

---

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

2. PATENTS ☞127—SUIT BETWEEN INTERFERING PATENTEES—ISSUES.
    A suit under Rev. St. § 4918 (Comp. St. 1913, § 9463), for cancellation of an interfering patent, involves the validity of both patents, and the answer may allege any ground of invalidity of complainant's patent.
    [Ed. Note.—For other cases, see Patents. Cent. Dig. §§ 179, 180; Dec. Dig. ☞127.]

In Equity. Suit by the Nikola Tesla Company, against the Marconi Wireless Telegraph Company of America. On motion to strike allegations from answer. Sustained in part.

George H. D. Foster, of New York City (Lemuel E. Quigg, of New York City, of counsel), for complainant.

Sheffield & Betts, of New York City (James J. Cosgrove, of New York City, of counsel), for defendant.

AUGUSTUS N. HAND, District Judge. This is a motion to strike out as impertinent and insufficient certain allegations of the answer to the bill of complaint in a suit brought to have the defendant's patent adjudged void.

[1] The eleventh paragraph of the answer alleges the invalidity of the invention of the Marconi patent and avers that certain claims thereof were sustained by the United States District Court of the Eastern District of New York in a suit by the complainant against the National Electric Signaling Company, and that it was determined by that court that complainant's patents did not anticipate and were not for the same inventions as the Marconi patent. It is not alleged that the defendant in that suit was in privity with the defendant here, or that the latter had any control over or relation to the litigation. I can see no principle under which that decision, rendered between wholly different parties, is binding here or relevant, except as a mere legal precedent. It can only be presented as argument in relation to the legal issues involved, but not as a fact to be pleaded or proved. The motion to strike out the eleventh paragraph of the answer as impertinent is therefore granted.

The thirteenth and fourteenth paragraphs of the answer allege that (1) the complaint does not state facts sufficient to constitute a cause of action; and (2) that the complaint is not entitled to any answer or to have defendant's patents declared void. These allegations amount to a demurrer, and, while unnecessary, are not prejudicial. The defendant could in any event raise the same questions at the trial, and I therefore shall not strike out these mere statements that defendant takes such a position.

The fifteenth, sixteenth, seventeenth, eighteenth, nineteenth, and twentieth paragraphs set up that (a) the Tesla patents have no utility; (b) that for the purpose of deceiving the public they are made to cover less than the whole truth relative to the alleged inventions thereof; (c) that they are anticipated by prior patents and publications; (d) that there was prior invention by other persons; (e) that there was prior public use of the alleged Tesla inventions; (f) that in view of the prior art, set forth in the answer, the Tesla system involved no patentable invention.

These allegations are all good defenses to the suit, unless the issues are necessarily narrowed to the bare question as to whether complainant's patent is prior to defendant's. The bill alleges infringement, but the prayer for relief specifically asks for nothing more than an adjudication that defendant's patents are void for interference with the prior patents of complainant. Under the less technical requirement than formerly of new equity rule 25, it may be unnecessary to pray specifically for relief against infringement to which the facts pleaded would show a right, but it would be safer for the complainant to amend its bill in this respect, though the bill contains a prayer for general relief.

[2] It is held in well-considered cases that section 4918 of the Revised Statutes, which allows a patentee to obtain relief in equity against the owners of an interfering patent, is not to be interpreted as allowing him to prevail if his own patent is void for lack of invention, want of novelty, prior use, or for any of the other reasons which constitute a defense to an ordinary patent suit. The opinion of Judge Benedict in the case of Pentlarge v. Pentlarge (C. C.) 19 Fed. 817, and certain other decisions are to the contrary; but the cases of Foster v. Lindsay, Fed. Cas. No. 4,976, Palmer Pneumatic Tire Co. v. Lozier, 90 Fed. 732, 33 C. C. A. 255, decided by the Circuit Court of Appeals of the Sixth Circuit, Dittgen v. Racine Paper Goods Co. (C. C.) 181 Fed. 394, and the opinion of Judge Hough in General Chemical Co. v. Blackmore (C. C.) 156 Fed. 968, support the view I have taken. In General Chemical Co. v. Blackmore, supra, Judge Hough said:

"I think that the plain language of Rev. St. § 4918 (U. S. Comp. St. 1901. p. 3394), authorizes the court in an action such as this to declare 'either of the patents (in suit) void in whole or in part,' and does not confine the decision to invalidity for any especial reason; the only limitation of the statutory power being that the adjudication shall not 'affect the right of any person except the parties to the suit and those deriving title under them subsequent to the rendition' thereof. * * * I think it clearly the duty of the court upon establishment of an interference to investigate and decide any question concerning the validity of either of the patents raised by the pleadings in the case."

Not only do the better-reasoned cases support the construction of section 4918, supra, which I have adopted, but I have no doubt that everything is to be gained in deciding all questions between the parties relating to the validity of their patents in a single suit. As was said by the Circuit Court of Appeals in Palmer Pneumatic Tire Co. v. Lozier, supra:

"* * * Section 4918 necessarily involves the presence of a patentable invention as the subject-matter of the litigation, and * * * the court cannot close the door to all inquiry as to whether such subject-matter for controversy exists. The court is, by the terms of the statute, empowered, as the sequel to its inquiry, to determine either of the patents void in whole or in part."

Futhermore, in the present suit, I think the complaint sets up an ordinary cause of action for infringement, as well as a cause of action under section 4918. There can be no objection under rule 26 of the new equity rules (198 Fed. xxv, 115 C. C. A. xxv) to the joinder of these

causes of action, and the matters alleged in paragraphs 15, 16, 17, 18, 19, and 20 are good defenses to a cause of action for infringement.

For the foregoing reasons, the motion to strike out is granted as to paragraph 11 of the answer, and denied as to paragraphs 13, 14, 15, 16, 17, 18, 19, and 20.

---

⟨⟩For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes